CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 2 0 2012

JULIA C. DUDLEY, CLERK
BY: B Weeks
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSEPH M. VERDI, | ) | CASE NO. 7:12CV00343 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Joseph M. Verdi, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the April 2012 judgment of the Pittsylvania County Circuit Court under which he stands convicted of assault and battery and a property offense and sentenced to 36 months. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice for failure to exhaust state court remedies.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims, throughout the state court system, to the highest state court with jurisdiction to consider the claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, after his conviction in the trial court, the defendant can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia. As to claims that generally cannot be addressed on appeal, such as claims of ineffective assistance of trial counsel,[1] the defendant's state court remedies in Virginia include filing a state habeas petition with the Circuit Court

---

[1] See Lenz v. Commonwealth, 544 S.E. 2d 299, 304 (Va. 2001) (claims raising ineffective assistance of counsel in a Virginia criminal case must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal).

where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia, Va. Code Ann. § 8.01-654(a)(1); § 17.1-411, or in the alternative, filing a state habeas petition directly with the Supreme Court of Virginia. § 8.01-654(a)(1). Whichever route he follows in exhausting state court remedies, a defendant must ultimately present his claims to the Supreme Court of Virginia before a federal district court can consider the merits of his claims under § 2254.

In this § 2254 petition, Verdi alleges that his trial counsel provided inaccurate advice about the sentence Verdi would receive in exchange for his guilty plea and that the trial judge abused his sentencing discretion. Verdi states on the face of his petition that he did not pursue a direct appeal in state court and that he has not filed any other post conviction petition or motion concerning this judgment of conviction in any state court. State court records available online also indicate that Verdi has not pursued any appeal or other post conviction remedy in any state court.

It is clear from the petition and the online records that Verdi has available state court remedies that he has not yet pursued. Although Verdi's opportunity to pursue a direct appeal has expired, Verdi can present his claims in a petition for a writ of habeas corpus in the Pittsylvania County Circuit Court, with a subsequent appeal available in the Supreme Court of Virginia. In the alternative, Verdi can present his claims in a habeas corpus petition filed directly in the Supreme Court of Virginia.[2]

Because Verdi's current petition indicates that he has available state court remedies at this time, this court must dismiss his § 2254 petition without prejudice. See Slayton v. Smith, 404 U.S. 53, 54 (1971) (finding that § 2254 habeas petition must be dismissed without prejudice

---

[2] This court's finding that Verdi has available state court remedies does not constitute a finding that the allegations in his current petition state any habeas corpus claim on which he is entitled to relief.

2

if petitioner has not presented his claims to the appropriate state court and could still do so). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 20th day of August, 2012.

/s/ James C. Turk
Senior United States District Judge